USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/15/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JOEL COSME FIGUEROA,
ANDY MERCADO, and
NELSON OLIVO, a/k/a "El Jabón,"

*Defendants.*

**Protective Order**

**22 Cr. 582 (VEC)**

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Sensitive Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal case. Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; or (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Sensitive" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Sensitive," shall be deemed "Sensitive Material."

2. **Attorney's Possession Only ("APO") Material.** Certain discovery materials in this case may raise a heightened risk to the privacy and confidentiality of individuals or to an ongoing investigation of uncharged individuals. Discovery materials produced by the

Government to the defendants or their counsel that are either (1) designated in whole or in part as "APO" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "APO," shall be deemed "APO Material."

**Attorney's Eyes Only ("AEO") Material**.  Certain discovery materials in this case may raise a particular risk of impeding the Government's ongoing investigation of uncharged individuals because it allows for identification of those uncharged individuals.  Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "AEO" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "AEO," shall be deemed "AEO Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3.	Sensitive Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Sensitive Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Sensitive Material to the media or any third party except as set forth below.

4.	Sensitive Material may be disclosed by counsel to the following persons ("Designated Persons"):

   a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

   b) Prospective witnesses for purposes of defending this action;

      c) The defendants; and

      d) Such other persons as hereafter may be authorized by the Court.

5.     The restrictions on APO Material are the same as Sensitive Material, except that APO Material may only be disclosed to the defendants for review at the offices of defense counsel, or in the presence of defense counsel or any member of the defense team (*e.g.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendants in this case), for purposes related to this case. The defendants shall not maintain, retain, or keep copies of any records containing APO Material outside of the offices or presence of defense counsel. APO Material may otherwise be disclosed to Designated Persons consistent with the terms of Sensitive Material.

6.     The restrictions on AEO Material are the same as APO Material, except that AEO Material shall not be disclosed to or possessed by the defendants, and may only be disclosed to defense counsel and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

7.     The Government may authorize, in writing, disclosure of Sensitive Material, APO Material, or AEO Material beyond that otherwise permitted by this Order without further Order of this Court.

8.     This Order does not prevent the disclosure of any Sensitive Material, APO Material, or AEO Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

9. If any dispute should arise between the parties to this action as to whether any documents, materials, or other information is Sensitive Material, APO Material, or AEO Material subject to the provisions of this Order, the parties shall seek resolution of such dispute by the Court. Until the Court has decided the issue, the Government's designation shall apply.

10. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

11. Except for such material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Sensitive Material, APO Material, or AEO Material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

12. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Sensitive Material, APO Material, or AEO Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Sensitive Material, APO Material, or AEO Material has been disclosed to which such persons.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

by: _____           Date: __December 9, 2022__
Jane Chong
Assistant United States Attorney


SO ORDERED:

Dated: New York, New York
       December 15, 2022

_____
THE HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

## Consent to Protective Order

I, Stacey Richman, have read and reviewed the proposed Protective Order in 22 Cr. 582 (VEC), and I consent to the entry of the Protective Order on behalf of my client, JOEL COSME FIGUEROA.

_____
Stacey Richman, Esq.
Attorney for JOEL COSME FIGUEROA

12/14/22
Date

## Consent to Protective Order

I, Alan Seidler, have read and reviewed the proposed Protective Order in 22 Cr. 582 (VEC), and I consent to the entry of the Protective Order on behalf of my client, ANDY MERCADO.

*(signature)*
Alan Seidler, Esq.
Attorney for ANDY MERCADO

12-9-2022
Date

## Consent to Protective Order

I, Lisa Scolari, have read and reviewed the proposed Protective Order in 22 Cr. 582 (VEC), and I consent to the entry of the Protective Order on behalf of my client, NELSON OLIVO.

_____
Lisa Scolari, Esq.
Attorney for NELSON OLIVO

____12/8/22____
Date